IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WHEELER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES MORGAN, ET AL. | : | NO. 96-7820 |

MEMORANDUM

**Padova, J.**                                                                                                    **July 20, 2015**

Ronald Wheeler has filed a Motion to Reopen Habeas Proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6).  He seeks relief from our October 8, 1999 Order denying his Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 and also seeks adjudication on the merits of the claims he raised in his Amended Petition for Writ of Habeas Corpus.  For the following reasons, the Motion is dismissed for failure to comply with 28 U.S.C. § 2244(b)(3)(A).

**I.     BACKGROUND**

On April 28, 1983, Wheeler was convicted by a jury of first degree murder in the Court of Common Pleas of Bucks County.  Wheeler v. Morgan, Civ. A. No. 96-7820, 1999 WL 817734, at *1 (E.D. Pa. Oct. 8, 1999).  The charge against Wheeler arose from the November 13, 1982 murder of Danny Thomas, who was shot to death in the parking lot of the Kim Graves Bar in Bristol Township, Bucks County.  Commonwealth v. Wheeler, 541 A.2d 730, 732 (Pa. 1988). The trial court sentenced Wheeler to death.  Id.  Wheeler appealed his judgment and sentence to the Pennsylvania Supreme Court, which, on April 21, 1988, affirmed the judgment but vacated the sentence of death and remanded to the trial court for the imposition of a sentence of life imprisonment.  Id. at 736-37.

Wheeler subsequently filed eight petitions for post-conviction relief in the Pennsylvania state courts on August 2, 1988, May 19, 1989, March 22, 1990, April 22, 2002, August 7, 2003, February 5, 2004, September 7, 2007, and January 10, 2012. Wheeler v. Corbett, No. 3:11-cv-92, 2013 WL 3972771, at *5 (M.D. Pa. Aug. 1, 2013). Wheeler did not obtain post-conviction relief through any of those petitions. Id. at *6.

On September 10, 1996, Wheeler filed a Petition for Writ of Habeas Corpus in this Court. See Wheeler v. Morgan, 1999 WL 17734, at *1. In the Petition, Wheeler asserted eleven claims for relief: nine claims of ineffective assistance of trial or appellate counsel; one claim of prosecutorial misconduct; and one claim of trial court error. Id. We referred Wheeler's Petition to Chief United States Magistrate Judge James R. Melinson, who filed a Report and Recommendation recommending that we deny the Petition in its entirety. Id. Wheeler objected to the Report and Recommendation and, on October 8, 1999, we overruled Wheeler's objections, adopted the Report and Recommendation, and denied the Petition. Id. at *8-9. Wheeler filed a motion for a certificate of appealability in the United States Court of Appeals for the Third Circuit on December 22, 1999. The Third Circuit denied Wheeler's request for a certificate of appealability on April 17, 2001 on the ground that he had failed to make a substantial showing of the denial of a constitutional right. Wheeler v. Morgan, No. 99-2021 (3d Cir. Apr. 17, 2001) (order). Wheeler subsequently filed a petition for writ of certiorari in the Supreme Court, which was denied on October 1, 2001. Wheeler v. Morgan, 534 U.S. 919 (2001).

On August 12, 2005, Wheeler filed an Amended Petition for Writ of Habeas Corpus raising fourteen claims for relief. We referred Wheeler's Petition to United States Magistrate Judge Peter B. Scuderi, who filed a Report and Recommendation, which recommended denying the Petition in its entirety. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Aug. 10, 2006)

(report and recommendation). Magistrate Judge Scuderi recommended that we deny certain of Wheeler's claims on the merits and that we deny the remaining claims because they had been procedurally defaulted and Wheeler had not shown either actual innocence or cause to excuse his procedural defaults. Id. Wheeler objected to the Report and Recommendation and, on September 26, 2006, we issued an Order-Memorandum overruling Wheeler's objections, adopting the Report and Recommendation, and denying the Petition. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Sept. 26, 2006) (order overruling objections). Wheeler filed a motion for a certificate of appealability in the United States Court of Appeals for the Third Circuit in February, 2007. The Third Circuit denied Wheeler's request for a certificate of appealability on August 20, 2007, on the ground that the Amended Petition "raised new claims for relief not adjudicated in connection with [Wheeler's] initial petition for a writ of habeas corpus," and thus "should have been dismissed as a second or successive habeas petition for which [Wheeler] had not obtained authorization from this Court." Wheeler v. Morgan, No. 07-1457 (3d Cir. Aug. 20, 2007) (order denying certificate of appealability). On January 18, 2013, Wheeler filed a Motion asking that we vacate the September 26, 2006 Order-Memorandum as void, based on the August 20, 2007 Order of the Third Circuit. On February 6, 2013, we granted that Motion and vacated our September 26, 2006 Order-Memorandum. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Feb. 6, 2013) (order granting motion to vacate).

In the instant Motion, Wheeler argues that we should vacate our October 8, 1999 Memorandum and Order and reopen his Petition for Writ of Habeas Corpus on the ground that we erred in denying the Petition because we failed to adjudicate his eleven claims for relief on the merits. He also argues that he did not procedurally default the claims he raised in his Amended Petition for Writ of Habeas Corpus and he asks that we now decide those claims on the

3

merits. Bucks County asks that deny the Motion in its entirety because it constitutes an unauthorized successive habeas petition.

## II.     LEGAL STANDARD

Wheeler seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that the court "may relieve a party . . . from a final judgment, order, or proceeding for" any one of six specified reasons, including "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b)(6) relief from judgment is only granted in extraordinary circumstances." Jackson v. Danberg, 656 F.3d 157, 165 (3d Cir. 2011) (citing Martinez–McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911–12 (3d Cir. 1977)). Relief is available under Rule 60(b)(6) "where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." Id. at 165–66 (citing United States v. Swift & Co., 286 U.S. 106, 119 (1932)). The Supreme Court has recognized that extraordinary circumstances warranting relief pursuant to Rule 60(b)(6) "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes rules "'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction.'" Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011) (quoting Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir. 2009)). Pursuant to the AEDPA, a district court may not consider a second or successive petition for writ of habeas corpus unless the petitioner first "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as

a jurisdictional bar.'" Blystone, 664 F.3d at 412 (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

"In Gonzalez, the Supreme Court addressed the question of when a federal court should construe a petitioner's motion for relief from judgment pursuant to Rule 60(b) as a second or successive petition subject to the restrictions of AEDPA." Id. (citing Gonzalez, 545 U.S. at 526). The Supreme Court determined that, if a motion brought pursuant to Rule 60(b) attacks "'the substance of the federal court's resolution of a claim [for relief from the state court's judgment] on the merits'" rather than identifying "'some defect in the integrity of the federal habeas proceedings,'" the motion should be considered a second or successive habeas petition that is subject to the gatekeeping provisions of § 2244. Id. (quoting Gonzalez, 545 U.S. at 532). The Supreme Court explained that "a motion that 'attacks the federal court's previous resolution of a claim *on the merits*'" constitutes a second or successive habeas petition, "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 412-13 (quoting Gonzalez, 545 U.S. at 532).

**III.    DISCUSSION**

    A.    The Petition for Writ of Habeas Corpus

Wheeler contends that we should vacate our Memorandum and Order denying his Petition for Writ of Habeas Corpus because we did not adjudicate all of the claims he raised in that petition on the merits. Specifically, Wheeler contends that that we made the following errors of law in considering his claims for relief:

    (1)    We failed to consider (as to each of his eleven claims for relief) whether the state court's rejection of his claim constituted an unreasonable determination

          of the facts (Mot. to Reopen at 5-15).

(2)      We applied the wrong law to his claims for prosecutorial misconduct and to his claims that his trial counsel was ineffective for failing to insure an impartial jury, failing to call a defense witness, failing to conduct an adequate investigation, and failing to effectively examine a trial witness (<u>id.</u> at 5-8, 10-13).

(3)      We wrongly decided his claims that his trial counsel was ineffective for failing to request limiting instructions; failing to conduct adequate cross-examination of three witnesses; failing to introduce prior consistent statements made by defense witnesses; and failing to use an effective legal strategy to deal with the admission into evidence of certain incriminating letters (<u>id.</u> at 8-10, 13-14).

(4)      We failed to clearly identify the Supreme Court precedent we followed in denying his claim that his appellate counsel was ineffective for refusing to file the appellate brief written by Wheeler (<u>id.</u> at 14-15).

(5)      We failed to determine whether the state court incorrectly applied Supreme Court precedent in denying his claim that the trial court erred in failing to suppress an in-court identification (<u>id.</u> at 15).

Wheeler further maintains that the instant Motion is not a second or successive habeas petition pursuant to the AEDPA, because the relief he seeks, i.e., reopening his Petition for Writ of Habeas Corpus and properly adjudicating his claims anew based on the correct law, would not affect his underlying conviction. The Supreme Court, however, foreclosed such an argument in <u>Gonzalez</u>.

As we discussed above, the Supreme Court determined in <u>Gonzalez</u> that, if a motion brought pursuant to Rule 60(b) attacks "the substance of the federal court's resolution of a claim on the merits," it should be considered a second or successive habeas petition that is subject to the gatekeeping provisions of § 2244. <u>Gonzalez</u>, 545 U.S. at 532. The Supreme Court used the term "'on the merits'" to refer "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." <u>Id.</u> at 532 n.4. Consequently, "[w]hen a movant . . . asserts that a previous ruling regarding one of those grounds was in error[] he is making a habeas corpus claim." <u>Id.</u> Wheeler's argument that we erred in our application of the law to his eleven claims for relief clearly attacks our determination that no grounds existed that entitled him to relief pursuant to 28 U.S.C. § 2254(a) and (d). Accordingly, we conclude that, to the extent the instant Motion challenges our adjudication of the claims Wheeler raised in his Petition for Writ of Habeas Corpus, it challenges our adjudication of the merits and, thus, the instant Motion is a second or successive habeas petition that is subject to the gatekeeping provisions of § 2244. Since Wheeler did not obtain permission from the Third Circuit to file a second or successive habeas petition prior to filing the instant Motion, we lack jurisdiction to consider it. <u>See</u> <u>Blystone</u>, 664 F.3d at 412 (quoting <u>Key</u>, 205 F.3d at 774). The instant Motion to Reopen Habeas Proceedings is, therefore, dismissed in so far as it challenges our adjudication of Wheeler's Petition for Writ of Habeas Corpus

B.  <u>The Amended Petition for Writ of Habeas Corpus</u>

Wheeler also asks us to adjudicate on the merits the claims he asserted in his August 12, 2005 Amended Petition for Writ of Habeas Corpus. As we discussed above, on September 26, 2006, we determined that the claims Wheeler raised in the Amended Petition were either meritless or procedurally defaulted, overruled Wheeler's objections to the Report and

7

Recommendation, and denied the Amended Petition for Writ of Habeas Corpus. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Sept. 26, 2006) (order overruling objections). The Third Circuit subsequently denied Wheeler's request for a certificate of appealability because the Amended Petition raised new claims for relief that had not been adjudicated in connection with Wheeler's first Petition for Writ of Habeas Corpus and, thus, should have been dismissed as a second or successive habeas petition for which Wheeler had not obtained prior authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). See Wheeler v. Morgan, No. 07-1457 (3d Cir. July 26, 2007) (order denying certificate of appealability). The Third Circuit further explained that, "[a]bsent such authorization, the District Court lacked jurisdiction to consider [Wheeler's] second or successive petition on the merits." Id. (citing Burton v. Stewart, 549 U.S. 147, 157 (2007)). Wheeler now asks us to find that the claims he raised in the Amended Petition were not procedurally barred and decide those claims on the merits. Wheeler, however, has not obtained authorization from the Third Circuit to bring the claims raised in his Amended Petition. Consequently, as the Third Circuit instructed in 2007, we lack jurisdiction to consider those claims. The instant Motion to Reopen Habeas Proceedings is, therefore, dismissed insofar as it asks us to adjudicate on the merits the claims raised in Wheeler's Amended Petition for Writ of Habeas Corpus.

**IV.   CONCLUSION**

As we discussed above, Wheeler did not obtain authorization from the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) prior to filing the instant Motion to Reopen Habeas Proceedings pursuant to Rule 60(b)(6). Since Wheeler is attacking the substance of our resolution of the claims he asserted in his Petition for Writ of Habeas Corpus on the merits, and also seeks review of new claims that were not adjudicated in his Petition for Writ of Habeas

8

Corpus, we lack jurisdiction to consider his claims on the merits. See 28 U.S.C. § 2244(b); Burton, 549 U.S. at 157. Consequently, we dismiss the instant Motion to Reopen Habeas Proceedings in the entirety.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.