IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WHEELER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES MORGAN, ET AL. | : | NO. 96-7820 |

### MEMORANDUM

Padova, J.                                                                                                                                          December 30, 2015

Ronald Wheeler has filed a Motion for Reconsideration of our July 20, 2015 Memorandum and Order denying his to Motion Reopen Habeas Proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6). He seeks relief from that portion of our Memorandum and Order in which we denied his request that we reopen his August 12, 2005 Amended Petition for Writ of Habeas Corpus and decide certain claims raised in that Petition on the merits. For the following reasons, the Motion is denied.

### I. BACKGROUND

On April 28, 1983, Wheeler was convicted by a jury of first degree murder in the Court of Common Pleas of Bucks County, Pennsylvania. Wheeler v. Morgan, Civ. A. No. 96-7820, 1999 WL 817734, at *1 (E.D. Pa. Oct. 8, 1999) ("Wheeler I"). The charge against Wheeler arose from the November 13, 1982 murder of Danny Thomas, who was shot to death in the parking lot of a bar located in Bristol Township, Bucks County. Commonwealth v. Wheeler, 541 A.2d 730, 732 (Pa. 1988). The trial court sentenced Wheeler to death. Id. Wheeler appealed his judgment and sentence to the Pennsylvania Supreme Court, which, on April 21, 1988, affirmed the judgment but vacated the sentence of death and remanded to the trial court for the imposition of a sentence of life imprisonment. Id. at 736-37.

Wheeler subsequently filed eight petitions for post-conviction relief in the Pennsylvania state courts on August 2, 1988, May 19, 1989, March 22, 1990, April 22, 2002, August 7, 2003, February 5, 2004, September 7, 2007, and January 10, 2012. Wheeler v. Corbett, No. 3:11-cv-92, 2013 WL 3972771, at *5 (M.D. Pa. Aug. 1, 2013). Wheeler did not obtain relief through any of those petitions. Id. at *6. Wheeler also attempted to file an additional petition for post-conviction relief in the Pennsylvania state courts in January 1996 (the "January 1996 petition"). Id. However, even though that petition was received by the office of the Superintendent of SCI Smithfield on January 12, 1996, it was never filed with the Court of Common Pleas of Bucks County. See Commonwealth v. Wheeler, Nos. 4849, 4849-01/1982, slip op. at 3 (C.C.P. Bucks County) (noting that it was not Petitioner's fault that prison officials failed to file the January 1996 petition), aff'd Commonwealth v. Wheeler, No. 1966 EDA 2002, slip op. (Pa. Super. Ct. Dec. 19, 2002).

On September 10, 1996, Wheeler filed a Petition for Writ of Habeas Corpus in this Court (the "1996 Habeas Petition"). See Wheeler I, 1999 WL 817734, at *1. Wheeler asserted eleven claims for relief: nine claims of ineffective assistance of trial or appellate counsel; one claim of prosecutorial misconduct; and one claim of trial court error. Id. We referred the 1996 Habeas Petition to Chief United States Magistrate Judge James R. Melinson, who filed a Report and Recommendation recommending that we deny the Petition in its entirety. Id. Wheeler objected to the Report and Recommendation and, on October 8, 1999, we overruled Wheeler's objections, adopted the Report and Recommendation, and denied the Petition. Id. at *8-9. Wheeler filed a motion for a certificate of appealability in the United States Court of Appeals for the Third Circuit on December 22, 1999. The Third Circuit denied Wheeler's request for a certificate of appealability on April 17, 2001, on the ground that he had failed to make a substantial showing

of the denial of a constitutional right. Wheeler v. Morgan, No. 99-2021 (3d Cir. Apr. 17, 2001) (order). Wheeler subsequently filed a petition for writ of certiorari in the Supreme Court, which was denied on October 1, 2001. Wheeler v. Morgan, 534 U.S. 919 (2001).

On August 12, 2005, Wheeler filed an Amended Petition for Writ of Habeas Corpus raising fourteen claims for relief (the "Amended Petition"). Four of those claims were claims that Wheeler had attempted to raise in his January 1996 petition (the "January 1996 petition claims"). We referred Wheeler's Petition to United States Magistrate Judge Peter B. Scuderi, who filed a Report and Recommendation recommending that we deny the Amended Petition in its entirety. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Aug. 10, 2006) (report and recommendation). Magistrate Judge Scuderi recommended that we deny the January 1996 petition claims because they had been procedurally defaulted and Wheeler had not shown either actual innocence or cause to excuse his procedural defaults. Id. Wheeler objected to the Report and Recommendation with respect to those claims on the ground that he had exhibited cause for the default, because he had attempted to exhaust those claims in the state court through his January 1996 petition which, through no fault of his own, had not been filed. See Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Sept. 26, 2006) (order at 1-2 n.1)

On September 26, 2006, we issued an Order-Memorandum overruling Wheeler's objections, adopting the Report and Recommendation, and denying the Amended Petition. Id. Wheeler filed a motion for a certificate of appealability in the Third Circuit in February, 2007. The Third Circuit denied Wheeler's request for a certificate of appealability on August 20, 2007, on the ground that the Amended Petition "raised new claims for relief not adjudicated in connection with [Wheeler's] initial petition for a writ of habeas corpus," and thus "should have been dismissed as a second or successive habeas petition for which [Wheeler] had not obtained

authorization from this Court." Wheeler v. Morgan, No. 07-1457 (3d Cir. Aug. 20, 2007) (order denying certificate of appealability). On January 18, 2013, Wheeler filed a Motion asking that we vacate the September 26, 2006 Order-Memorandum as void, based on the August 20, 2007 Order of the Third Circuit. On February 6, 2013, we granted that Motion and vacated the September 26, 2006 Order-Memorandum. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Feb. 6, 2013) (order granting motion to vacate).

On June 10, 2015, Wheeler filed the Motion to Reopen Habeas Proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6) (the "Rule 60(b) Motion"). In that Motion, Wheeler argued that we should vacate our October 8, 1999 Memorandum and Order and reopen his 1996 Habeas Petition on the ground that we erred in denying the 1996 Habeas Petition because we failed to adjudicate his eleven claims for relief on the merits. He also argued that he did not procedurally default the claims he raised in his Amended Petition and he asked that we decide those claims on the merits. Wheeler did not, however, obtain authorization from the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) prior to filing the Rule 60(b) Motion. Since the Rule 60(b) Motion attacked the substance of our resolution of the claims Wheeler asserted in the 1996 Habeas Petition on the merits, and also sought review of new claims that were not adjudicated in the 1996 Habeas Petition, we concluded that we lacked jurisdiction to consider Wheeler's claims on the merits and dismissed the Motion in its entirety. See Wheeler v. Morgan, Civ. A. No. 96-7820, 2015 WL 4404875, at *5 (E.D. Pa. July 20, 2015) ("Wheeler II"). Wheeler now asks us to reconsider and vacate that portion of our July 20, 2015 Memorandum and Order denying his request that we consider the January 1996 petition claims on the merits.

## II. LEGAL STANDARD

Wheeler has moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which permits the filing of a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The scope of a motion for reconsideration . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)). A motion for reconsideration brought pursuant to Rule 59(e) will only be granted if the moving party establishes: "'(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" Id. (quoting Howard Hess Dental Labs., 602 F.3d at 251).

## III. DISCUSSION

Wheeler argues that we should reconsider that portion of our July 20, 2015 Memorandum and Order dismissing his Rule 60(b) Motion in order to prevent manifest injustice because, if we don't consider the merits of the January 1996 petition claims, he will never be afforded federal review of those claims. We cannot, however, grant the relief Wheeler seeks. The Third Circuit stated, in its August 2007 Order denying Wheeler's request for a certificate of appealability, that we should have dismissed the Amended Petition "as a second or successive habeas petition for which [Wheeler] had not obtained authorization from [the Third Circuit]" because the Amended Petition "raised new claims for relief not adjudicated in connection with [Wheeler's] initial petition for a writ of habeas corpus." Wheeler, No. 07-1457 (3d Cir. Aug. 20, 2007). As we explained in our July 20, 2015 Memorandum, the Third Circuit's August 20, 2007 Order means

that we lack jurisdiction to consider the January 1996 petition claims, unless Wheeler first obtains authorization to bring those claims from the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). <u>Wheeler II</u>, 2015 WL 4404875, at *5. Wheeler has not obtained an order from Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) that authorizes this Court to consider the January 1996 petition claims. Consequently, we lack jurisdiction to consider those claims and cannot grant the relief Wheeler seeks in the instant Motion for Reconsideration. The Motion for Reconsideration is, therefore, denied.

## IV. CONCLUSION

For the reasons stated above, we lack jurisdiction to consider the claims Wheeler asks us to consider in the instant Motion for Reconsideration because Wheeler did not obtain authorization from the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) that would allow us to consider those claims. Consequently, we cannot consider those claims on the merits, even though Wheeler believes that our failure to do so will result in a manifest injustice. The Motion for Reconsideration is denied. An appropriate order follows.

BY THE COURT:

_____
John R. Padova, J.