IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WHEELER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES MORGAN, ET AL. | : | NO. 96-7820 |

MEMORANDUM

**Padova, J.**                                                                                   January 7, 2016

Ronald Wheeler has filed an Application for Issuance of Certificate of Appealability, so that he may appeal our July 20, 2015 Memorandum and Order denying his to Motion Reopen Habeas Proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6).[1]  For the following reasons, the Application is denied.

I.   BACKGROUND

On April 28, 1983, Wheeler was convicted by a jury of first degree murder in the Court of Common Pleas of Bucks County, Pennsylvania.  Wheeler v. Morgan, Civ. A. No. 96-7820, 1999 WL 817734, at *1 (E.D. Pa. Oct. 8, 1999) ("Wheeler I").  The charge against Wheeler arose from the November 13, 1982 murder of Danny Thomas, who was shot to death in the parking lot of a bar located in Bristol Township, Bucks County.  Commonwealth v. Wheeler, 541 A.2d 730, 732 (Pa. 1988).  The trial court sentenced Wheeler to death.  Id.  Wheeler appealed his judgment and sentence to the Pennsylvania Supreme Court, which, on April 21, 1988, affirmed the judgment but vacated the sentence of death and remanded to the trial court for the imposition of a sentence of life imprisonment.  Id. at 736-37.

---

[1]Wheeler filed a Notice of Appeal of that Memorandum and Order on September 14, 2015.  He also filed a Motion for Certificate of Appealability with the United States Court of Appeals for the Third Circuit on October 1, 2015.

Wheeler subsequently filed eight petitions for post-conviction relief in the Pennsylvania state courts on August 2, 1988, May 19, 1989, March 22, 1990, April 22, 2002, August 7, 2003, February 5, 2004, September 7, 2007, and January 10, 2012.  Wheeler v. Corbett, No. 3:11-cv-92, 2013 WL 3972771, at *5 (M.D. Pa. Aug. 1, 2013).  Wheeler did not obtain relief through any of those petitions.  Id. at *6.  Wheeler also attempted to file an additional petition for post-conviction relief in the Pennsylvania state courts in January 1996 (the "January 1996 PCRA Petition").  Id.  However, even though the January 1996 PCRA Petition was received by the office of the Superintendent of SCI Smithfield on January 12, 1996, it was never filed with the Court of Common Pleas of Bucks County.  See Commonwealth v. Wheeler, Nos. 4849, 4849-01/1982, slip op. at 3 (C.C.P. Bucks County) (noting that it was not Petitioner's fault that prison officials failed to file his January 1996 PCRA Petition),  aff'd Commonwealth v. Wheeler, No. 1966 EDA 2002, slip op. (Pa. Super. Ct. Dec. 19, 2002).

On September 10, 1996, Wheeler filed a Petition for Writ of Habeas Corpus in this Court (the "1996 Habeas Petition").  See Wheeler I, 1999 WL 817734, at *1.  The 1996 Habeas Petition asserted eleven claims for relief:  nine claims of ineffective assistance of trial or appellate counsel; one claim of prosecutorial misconduct; and one claim of trial court error.  Id. We referred the 1996 Habeas Petition to Chief United States Magistrate Judge James R. Melinson, who filed a Report and Recommendation recommending that we deny the Petition in its entirety.  Id.  Wheeler objected to the Report and Recommendation and, on October 8, 1999, we overruled Wheeler's objections, adopted the Report and Recommendation, and denied the 1996 Habeas Petition.  Id. at *8-9.  Wheeler filed a motion for a certificate of appealability in the United States Court of Appeals for the Third Circuit on December 22, 1999.  The Third Circuit denied Wheeler's request for a certificate of appealability on April 17, 2001, on the ground that

he had failed to make a substantial showing of the denial of a constitutional right. Wheeler v. Morgan, No. 99-2021 (3d Cir. Apr. 17, 2001) (order). Wheeler subsequently filed a petition for writ of certiorari in the Supreme Court, which was denied on October 1, 2001. Wheeler v. Morgan, 534 U.S. 919 (2001).

On August 12, 2005, Wheeler filed an Amended Petition for Writ of Habeas Corpus raising fourteen claims for relief (the "Amended Habeas Petition"). Four of those claims were claims that Wheeler had previously attempted to raise in his January 1996 PCRA Petition (the "January 1996 PCRA Petition claims"). We referred Wheeler's Petition to United States Magistrate Judge Peter B. Scuderi, who filed a Report and Recommendation, which recommended denying the Amended Habeas Petition in its entirety. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Aug. 10, 2006) (report and recommendation). Magistrate Judge Scuderi recommended that we deny the four January 1996 PCRA Petition claims because they had been procedurally defaulted and Wheeler had not shown either actual innocence or cause to excuse his procedural defaults. Id. Wheeler objected to the Report and Recommendation with respect to those claims on the ground that he had exhibited cause for the default, because he had attempted to exhaust those claims in the state court through the January 1996 PCRA Petition which, through no fault of his own, had not been filed. See Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Sept. 26, 2006) (order at 1-2 n.1)

On September 26, 2006, we issued an Order-Memorandum overruling Wheeler's objections, adopting the Report and Recommendation, and denying the Amended Habeas Petition. Id. Wheeler filed a motion for a certificate of appealability in the Third Circuit in February, 2007. The Third Circuit denied Wheeler's request for a certificate of appealability on August 20, 2007, on the ground that the Amended Habeas Petition "raised new claims for relief

not adjudicated in connection with [Wheeler's] initial petition for a writ of habeas corpus," and thus "should have been dismissed as a second or successive habeas petition for which [Wheeler] had not obtained authorization from this Court." Wheeler v. Morgan, No. 07-1457 (3d Cir. Aug. 20, 2007) (order denying certificate of appealability). On January 18, 2013, Wheeler filed a Motion asking that we vacate the September 26, 2006 Order-Memorandum as void, based on the August 20, 2007 Order of the Third Circuit. On February 6, 2013, we granted that Motion and vacated our September 26, 2006 Order-Memorandum. Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Feb. 6, 2013) (order granting motion to vacate).

On June 10, 2015, Wheeler filed his Motion to Reopen Habeas Proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6) (the "Rule 60(b) Motion"). In the 60(b) Motion, Wheeler argued that we should vacate our October 8, 1999 Memorandum and Order and reopen his 1996 Habeas Petition on the ground that we erred in denying that Petition because we failed to adjudicate his eleven claims for relief on the merits. He also argued that he did not procedurally default the January 1996 PCRA Petition claims raised in the Amended Habeas Petition, and he asked that we decide those claims on the merits. Wheeler did not, however, obtain authorization from the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) prior to filing the Motion to Reopen. Since the Rule 60(b) Motion attacked the substance of our resolution of the claims Wheeler asserted in his 1996 Habeas Petition on the merits, and also sought review of new claims that were not adjudicated in the 1996 Habeas Petition, we concluded that we lacked jurisdiction to consider Wheeler's claims on the merits and dismissed the Rule 60(b) Motion in its entirety. See Wheeler v. Morgan, Civ. A. No. 96-7820, 2015 WL 4404875, at *5 (E.D. Pa. July 20, 2015) ("Wheeler II").

## II.     LEGAL STANDARD

Wheeler asks us to grant a Certificate of Appealability pursuant to Federal Rule of Appellate Procedure 22(b)(1) and 28 U.S.C. § 2253(c) so that he may pursue his appeal of our July 20, 2015 Order in the Third Circuit.  Federal Rule of Appellate Procedure 22(b)(1) provides that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  Section 2253(c) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Third Circuit has explained that "a certificate is granted only if the petitioner makes:  (1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights."  Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999) (adopting the "well-reasoned rule" set forth by the Fifth Circuit in Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998)).  Under this rule, we grant a certificate of appealability if our "decision on the procedural issue was erroneous" and we "had not considered the merits of the constitutional claims" raised in the underlying habeas petition.  Id. at 341.  Consequently, since Wheeler is challenging our decisions on procedural questions regarding our jurisdiction to consider his arguments on the merits, "the question whether to grant a certificate of appealability turns on whether [Wheeler] has made a credible showing that [our] denial of his Rule 60(b) motion was erroneous."  Id.

## III.    DISCUSSION

Wheeler asserts that we made three errors in denying his Rule 60(b) Motion that he should be permitted to appeal:  (1) we erred in failing to determine whether his January 1996

5

PCRA Petition tolled the statute of limitations as to the claims raised in that petition; (2) we erred in determining that his Rule 60(b) Motion was a second or successive habeas petition because we did not consider the merits of certain claims he raised in the 1996 Habeas Petition; and (3) we erred in determining that his Rule 60(b) Motion was a second or successive petition because we analyzed one of the claims raised in his 1996 Habeas Petition utilizing the wrong Supreme Court precedent.

### A.     The Statute of Limitations

In his Rule 60(b) Motion, Wheeler asked us to adjudicate the merits of the claims he asserted in his Amended Habeas Petition.  As we discussed above, on September 26, 2006, we determined that the claims Wheeler raised in the Amended Habeas Petition were either meritless or procedurally defaulted, overruled Wheeler's objections to the Report and Recommendation, and denied the Amended Habeas Petition.  Wheeler v. Morgan, Civ. A. No. 96-7820 (E.D. Pa. Sept. 26, 2006) (order overruling objections).  In the Rule 60(b) Motion, Wheeler argued that the four January 1996 PCRA Petition claims were not procedurally defaulted because his attempt to file the January 1996 PCRA Petition tolled the running of the statute of limitations as to those claims.  Wheeler contends, in the instant Application for Certificate of Appealability, that we erred by failing to decide whether his attempt to file the January 1996 PCRA Petition tolled the statute of limitations as to the claims raised in that petition.

We could not decide this issue in connection with Wheeler's Rule 60(b) Motion because we did not have subject matter jurisdiction over the claims raised in the Rule 60(b) Motion.  As we noted above, the Third Circuit determined, in its July 26, 2007 Order, that the January 1996 PCRA Petition claims were new claims for relief that had not been adjudicated in connection with Wheeler's 1996 Habeas Petition and, thus, should have been dismissed as part of a second

or successive habeas petition for which Wheeler had not obtained prior authorization pursuant to 28 U.S.C. § 2244(b)(3)(A).  See Wheeler v. Morgan, No. 07-1457 (3d Cir. July 26, 2007) (order denying certificate of appealability).  The Third Circuit explained that, "[a]bsent such authorization, the District Court **lacked jurisdiction** to consider [Wheeler's] second or successive petition on the merits."  Id. (emphasis added) (citing Burton v. Stewart, 549 U.S. 147, 157 (2007)).  Wheeler did not obtain authorization from the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) prior to asking us to decide these claims on the merits in his Rule 60(b) Motion.  Consequently, we lacked jurisdiction to consider these claims in connection with Wheeler's Rule 60(b) Motion and could not determine whether the January 1996 PCRA Petition tolled the statute of limitations as to these claims.  We conclude, accordingly, that our failure to decide whether the statute of limitations was tolled as to the January 1996 PCRA Petition was not erroneous.  Wheeler's Application for a Certificate of Appealability is thus denied as to this claim for relief.  See Morris 187 F.3d at 341.

      B.      Claims Not Decided on the Merits

Wheeler argued in his Rule 60(b) Motion that we did not consider some of the claims he raised in his 1996 Habeas Petition on the merits because we applied the wrong law to those claims and because we prematurely concluded our analysis of those claims.  With respect to the second argument, Wheeler maintains that, once we had determined that the state court's decision as to his claim was not contrary to Supreme Court precedent, we should have, but did not, examine whether the state court decision was an unreasonable application of that precedent or was based on an unreasonable determination of the facts.  In our Memorandum denying the Rule 60(b) Motion, we concluded that the Rule 60(b) Motion thus attacked the substance of our resolution of the claims Wheeler raised in the 1996 Habeas Petition on the merits and was "a

second or successive habeas petition subject to the gatekeeping provisions of § 2244." Wheeler II, 2015 WL 4404875, at *4 (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).  Therefore, we lacked jurisdiction to reconsider the merits of Wheeler's claims.  Id.

Wheeler contends that we erred in this determination, because a Rule 60(b) motion claiming that the district court failed to reach the merits of a claim raised in a habeas petition is not a successive petition.  The Supreme Court has explained that:

> a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.  A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

Gonzalez, 545 U.S. at 538.  Notwithstanding Wheeler's assertion to the contrary, we did reach the merits of the claims he raised in the 1996 Habeas Petition.  While Wheeler argues that we improperly decided the merits of those claims by applying the wrong law and by not analyzing all of the aspects of those claims, our application of the law to those claims and analysis of those claims constituted a determination of those claims on the merits.  Wheeler simply disagrees with our conclusions and contends that we erred as a matter of law in reaching those conclusions.  However, an error of law in reaching a conclusion is not a failure to address the merits of a claim.  Thus, we conclude that we did not err in our determination that the Rule 60(b) Motion attacked the substance of our resolution of the claims raised in the 1996 Habeas Petition on the merits and, thus, was a second or successive habeas petition subject to the gatekeeping provisions of § 2244.  See Gonzalez, 545 U.S. at 532.  Wheeler's Application for a Certificate of Appealability is thus denied as to this claim for relief.  See Morris, 187 F.3d at 341.

C.     Failure to Analyze Supreme Court Precedent

Wheeler argued in the Rule 60(b) Motion that we applied the wrong Supreme Court precedent to the claim he raised in his 1996 Habeas Petition that the prosecutor committed misconduct by using perjured testimony at his trial.  Specifically, Wheeler argued that we applied Greer v. Miller, 483 U.S. 756 (1997), rather than Brady v. Maryland, 373 U.S. 83 (1963) and Napue v. Illinois, 360 U.S. 264 (1959).  In our Memorandum denying the Rule 60(b) Motion, we determined that this argument attacked the substance of our resolution of this prosecutorial misconduct claim on the merits and, thus, was "a second or successive habeas petition subject to the gatekeeping provisions of § 2244."  Wheeler II, 2015 WL 4404875, at * 4 (citing Gonzalez, 545 U.S. at 532).

Wheeler presently argues that we erred in our analysis of this prosecutorial misconduct claim because our failure to apply the proper Supreme Court precedent was a failure to resolve the merits of his claim.  Notwithstanding Wheeler's assertion to the contrary, we did reach the merits this prosecutorial misconduct claim.  While Wheeler asserts that our application of the wrong precedent to this claim constitutes a wholesale failure to analyze the merits of this claim, our application of Supreme Court precedent to this claim and analysis of this claim constituted a determination of this claim on the merits.  Wheeler simply believes that we erred as a matter of law in reaching our conclusion.  However, as we stated above, making an error of law in reaching a conclusion is not a failure to address the merits of a claim.  Thus, we conclude that we did not err in our determination that the Rule 60(b) Motion attacked the substance of our resolution of this prosecutorial misconduct claim and consequently constitutes a second or successive habeas petition subject to the gatekeeping provisions of § 2244.  See Gonzalez, 545

U.S. at 532. Wheeler's Application for a Certificate of Appealability is thus denied as to this claim for relief. See Morris, 187 F.3d at 341.

## IV. CONCLUSION

For the reasons stated above, we conclude that Wheeler has not "made a credible showing that [our] denial of his Rule 60(b) motion was erroneous." Morris, 187 F.3d at 341. We further conclude, accordingly, that Wheeler has failed to make the requisite showing for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c). See id. at 340. Wheeler's Application for Issuance of Certificate of Appealability in order to appeal our July 20, 2015 Memorandum and Order is thus denied. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.